# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00762-COA

**KEVIN LEIGH WILLIAMS A/K/A KEVIN WILLIAMS**　　　　　　　**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　　　　**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/2016 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT FRED LINGOLD JR. |
| | HADLEY ELIZABETH GABLE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WILSON DOUGLAS MINOR |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S REQUEST FOR |
| | RELIEF UNDER THE MISSISSIPPI |
| | WRONGFUL CONVICTION ACT |
| DISPOSITION: | AFFIRMED: 05/16/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.　In 2013, Kevin Williams was found guilty of failing to register as a sex offender. This Court later reversed his conviction based on an insufficient indictment. *See Williams v. State*, 169 So. 3d 932, 933 (¶1) (Miss. Ct. App. 2014). Williams then requested compensation under the Mississippi Wrongful Conviction Act. *See* Miss. Code Ann. §§ 11-44-1 to -15 (Rev. 2012). At the close of trial, the circuit court held that Williams had failed to meet the statute's requirements and ruled in favor of the State. Finding no error, we

affirm.

**FACTS**

¶2. On August 1, 2008, Williams was indicted for sexual battery of a fourteen-year-old female child by a Hinds County grand jury. He pled guilty to one count of sexual battery and was sentenced to serve twenty years, with nineteen years and three months suspended. As a result of his guilty plea, Williams was required to register as a sex offender with the Mississippi Department of Public Safety. *See* Miss. Code Ann. § 45-33-25 (Rev. 2015). When Williams registered, he listed an address in Crystal Springs, Mississippi, as his primary residential address. Officer Greg Farrell was assigned as Williams's probation officer.

¶3. On September 10, 2012, Officer Farrell went to the address provided. *Williams*, 169 So. 3d at 934 (¶4). Williams was not there. *Id*. Following his visit, Officer Farrell completed a violation report, forwarded it to Williams's county of conviction, and notified Copiah County Sheriff's Department Investigator Tommy Roberts. *Id*.

¶4. Investigator Roberts went to the address to determine whether Williams was living there and whether he was in violation of his registration duties as a convicted sex offender. *Id*. at (¶5). He spoke with Williams's brother, Chris, who said that Williams did not live there. *Id*. Investigator Roberts testified that he first went to the home on September 4, 2012, and again on September 18, 2012.[1] *Id*.

---

[1] In Williams's criminal appeal, this Court noted the inconsistencies of Officer Farrell's and Investigator Roberts's dates. *Williams*, 169 So. 3d at 934 n.3. Officer Farrell testified that he did not meet Williams until September 5, 2012, and that he did not go to the

2

¶5. On September 18, 2012, Williams was arrested for failure to register as a sex offender. He was detained in the Copiah County Detention Center on December 26, 2012, and convicted on March 12, 2013. This Court reversed his conviction in July 2014, and Williams was released a few weeks later.

## STANDARD OF REVIEW

¶6. "A circuit court judge sitting without a jury is afforded the same deference as a chancellor." *City of Jackson v. Lewis*, 153 So. 3d 689, 693 (¶4) (Miss. 2014) (quoting *City of Jackson v. Sandifer*, 107 So. 3d 978, 983 (¶16) (Miss. 2013)). An appellate court will not disturb "a circuit court's findings following a bench trial unless the findings 'are manifestly wrong [or] clearly erroneous, or an erroneous legal standard was applied.'" *Id*. (quoting *Sandifer*, 107 So. 3d at 983 (¶16)). Further, those "findings 'are safe on appeal where they are supported by substantial, credible, and reasonable evidence.'" *Id*. (quoting *City of Jackson v. Law*, 65 So. 3d 821, 826 (¶15) (Miss. 2011)).

## DISCUSSION

¶7. The Mississippi Wrongful Conviction Act, Mississippi Code Annotated sections 11-44-1 through -15, became effective on July 1, 2009. Section 11-44-1 reads:

> The Legislature finds that innocent persons who have been wrongly convicted of felony crimes and subsequently imprisoned have been uniquely victimized, have distinct problems reentering society, and should be compensated. In light

---

home until September 10, 2012. *Id*. Investigator Roberts testified that he first went to the home on September 4, 2012, after he heard of the possible violation from Officer Farrell. *Id*.

of the particular and substantial horror of being imprisoned for a crime one did not commit, the Legislature intends by enactment of the provisions of this chapter that innocent people who are wrongfully convicted be able to receive monetary compensation.

To succeed, a claimant must prove by a preponderance of the evidence that:

(a) He was convicted of one or more felonies and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and

(i) He has been pardoned for the felony or felonies for which he was sentenced and which are the grounds for the complaint and the pardon is based on the innocence of the claimant which must be affirmatively stated in the pardon; or

(ii) His judgment of conviction was reversed or vacated; and

1. The accusatory instrument was dismissed or nol prossed; or

2. If a new trial was ordered, he was found not guilty at the new trial; and

(b) He did not commit the felony or felonies for which he was sentenced and which are the grounds for the complaint, or the acts or omissions for which he was sentenced did not constitute a felony; and

(c) He did not commit or suborn perjury, or fabricate evidence to bring about his conviction.

*Id*. § 11-44-7(1). Unlike a criminal trial, the claimant in a civil action is no longer entitled to a presumption of innocence, and the State does not have the burden of proof. *Isaac v. State*, 187 So. 3d 1009, 1012 (¶11) (Miss. 2016). If the claimant meets his burden, he is entitled to "Fifty Thousand Dollars ($50,000.00) for each year of incarceration regardless of the number of felonies for which [he] was convicted" and reasonable attorney's fees. Miss. Code Ann. § 11-44-7(2).

¶8.     The issue on appeal is whether the circuit court erred in finding Williams failed to prove by a preponderance of the evidence that he did not commit the crime of failing to register as a sex offender. *See id*.  Williams testified on his own behalf, claiming he continuously lived at the reported Crystal Springs address from the time he got out of jail until September 18, 2012.  He also testified two of his brothers lived with him.  According to Williams, sometime in 2012, his brother who lived in Hazlehurst called him and said that he needed to get in touch with Investigator Roberts.  He chose not to because he "hadn't seen [Investigator Roberts] yet."  After he rested his case, Williams submitted a copy of this Court's opinion reversing his conviction.

¶9.     The State introduced the transcript from Williams's criminal trial containing Officer Farrell's and Investigator Roberts's testimony.  Investigator Roberts repeated his testimony at the civil trial, stating that, when he went to visit Williams twice at his registered address (September 11 and September 18), he was not there.  He added that he spoke with Williams's brother Chris both times.  On his second visit, he recorded video of his conversation with Chris.  The recording, which had been admitted at Williams's criminal trial, was admitted into evidence over Williams's objection.  On the recording, Chris said Williams was not living there and that he had not seen or heard from Williams since September 4.  We further note that Williams did not call either of his brothers to testify.  The circuit court, as fact-finder, was therefore free to presume that their testimony would have been adverse to Williams and favorable to the State. *See Hawkins v. Rye*, 233 Miss. 132, 101 So. 2d 516, 518

5

(1958).

¶10.    Following the trial, the court made the following findings of fact: Williams was arrested for failure to register as a sex offender, his conviction was later reversed and his indictment dismissed, he was not present at the claimed residence at any time when Officer Farrell and Investigator Roberts visited, and Williams was aware Investigator Roberts was looking for him to verify his address.  The court ultimately found that Williams had failed to show by a preponderance of the evidence that he was wrongfully convicted, as required in section 11-44-7(1)(b).  We find substantial evidence to support the circuit court's ruling in favor of the State.

¶11.    **THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.**